IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH D. FLOWERS II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:18-cv-1618 |
| | ) |
| STEERPOINT MARKETING, LLC and | ) |
| JOHN SLIMAK, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Joseph Flowers, for his Complaint against Defendants, John Slimak, and Steerpoint Marketing, LLC, states the following:

### I. Parties

1. Plaintiff is a resident of Marion County, Indiana.

2. Defendant, Steerpoint Marketing, LLC ("Steerpoint"), is a business located in Marion County, Indiana.

3. Defendant, Mr. Slimak, does business in Marion County, Indiana.

4. Mr. Slimak managed Plaintiff.

5. Mr. Slimak decided how Plaintiff was paid.

6. Mr. Slimak is an owner of Steerpoint.

### II. Jurisdiction and Venue

7. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the FLSA.

8. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

9. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue Defendants' doing business in this District.

### III.  Factual Allegations

10. Plaintiff began working for Steerpoint on or about July 15, 2016.

11. Plaintiff was a salaried employee of Steerpoint.

12. Plaintiff worked as the Social Media Manager for Steerpoint.

13. Steerpoint agreed to pay Plaintiff $34,000 per year.

14. Steerpoint paid Plaintiff on a bi-monthly basis.

15. Steerpoint fired Plaintiff on October 27, 2017.

16. Plaintiff earned vacation time from Steerpoint.

17. Plaintiff earned personal time from Steerpoint.

18. Plaintiff was not paid any overtime premiums when he worked over 40 hours in a workweek.

### III.   Cause of Action

**Count I**
**Failure to Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

19. Plaintiff incorporates paragraphs 1 through 18 by reference herein.

20. Plaintiff was an employee of Defendants pursuant to the FLSA.

21. Plaintiff's work for Defendants involved interstate commerce.

22. Steerpoint is an employer pursuant to the FLSA.

23. Plaintiff was an employee of Steerpoint pursuant to the FLSA.

24. Steerpoint had gross revenues of at least $500,000.00 for the 2015 calendar year.

25. Steerpoint had gross revenues of at least $500,000.00 for the 2016 calendar year.

26. Mr. Slimak is an employer pursuant to the FLSA.

27. Defendants' violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendants in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW


/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count II
### Indiana's Minimum Wage Statute
### Alternative Claim

28. Plaintiff incorporates paragraphs 1 through 27 by reference herein.

29. Plaintiff was an employee of Steerpoint pursuant to Indiana's Minimum Wage Statute.

30. Steerpoint is an employer pursuant to Indiana's Minimum Wage Statute.

31. Steerpoint failed to properly pay overtime wages for all hours over 40 hours in a workweek that Plaintiff worked during his employment with Steerpoint.

32. Steerpoint's violations of Indiana's Minimum Wage Statute have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendants in an amount to compensate Plaintiff, liquidated damages, prejudgment

interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

        Respectfully Submitted,

        WELDY LAW

        /s/Ronald E. Weldy
        Ronald E. Weldy, #22571-49

### Count III
### Wage Claims Statute
### I.C. §22-2-9 *et. seq.*

33. Plaintiff incorporates paragraphs 1 through 32 by reference herein.

34. Defendant is an employer pursuant to the Wage Claims Statute.

35. Plaintiff was an employee of Steerpoint.

36. Steerpoint failed to pay Plaintiff his wages due and owing in a timely fashion.

37. Steerpoint failed to pay Plaintiff his wages due and owing in the correct amount.

38. Plaintiff earned vacation wages on a pro-rata basis from Steerpoint.

39. Plaintiff earned personal wages on a pro-rata basis from Steerpoint.

40. Steerpoint failed to pay Plaintiff all vacation wages earned upon separation of employment.

41. Steerpoint failed to pay Plaintiff all personal wages earned upon separation of employment.

42. Plaintiff has been damaged by Steerpoint's violations of the Wage Claims Statute.

43. Counsel for Plaintiff has requested that the Attorney General's Office refer the wage claim of Plaintiff to his office in conjunction with the Department of Labor.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### IV. Jury Demand

44. Plaintiff incorporates paragraphs 1 through 43 by reference herein.

45. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
Joseph Flowers

Weldy Law
198 South Ninth Street
Noblesville, IN 46060
Tel: (317) 842-6600
Fax: (317) 991-1284
E-mail: rweldy@weldylegal.com