**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOSEPH D. FLOWERS II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 1:18-cv-1618-SEB-DLP |
| STEERPOINT MARKETING, LLC and | ) |
| JOHN SLIMAK, | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Steerpoint Marketing, LLC ("SteerPoint") and John Slimak ("Slimak") (collectively "Defendants"), by counsel, for their Answer and Affirmative Defenses against Plaintiff Joseph D. Flowers II, hereby respectfully allege and state:

**ANSWER TO PLAINTIFF'S COMPLAINT**

**I. Parties**

1. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendants deny the allegations in paragraph 3 of Plaintiff's Complaint. Other than as Chief Executive Officer of SteerPoint, Mr. Slimak does not do business in Marion County Indiana.

4. Defendants admit that Mr. Slimak, as an officer, executive and/or manager of SteerPoint, managed Plaintiff.

5. Defendants admit the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations in paragraph 6 of Plaintiff's Complaint.

## II. Jurisdiction and Venue

7. This paragraph asserts a legal conclusion and, therefore, requires no response from Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 7 of Plaintiff's Complaint.

8. This paragraph asserts a legal conclusion and, therefore, requires no response from Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations in paragraph 9 of Plaintiff's Complaint.

## III. Factual Allegations

10. Defendants deny the allegations in paragraph 10 of Plaintiff's Complaint. Plaintiff accepted SteerPoint's offer of employment on July 13, 2016.

11. Defendants admit the allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations in paragraph 12 of Plaintiff's Complaint. Plaintiff was a Digital Marketing Specialist for SteerPoint.

13. Defendants admit the allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendants admit the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendants admit the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendants admit the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint. Plaintiff was not authorized to work overtime, nor was Plaintiff provided any tasks or assignments that would have necessitated overtime.

## III. Cause of Action
## Count I
## Failure to Pay Overtime Wages
## Pursuant to the FLSA, 29 U.S.C. §201 *et seq.*

19. Defendants incorporate paragraphs 1 through 18 by reference herein.

20. Defendants admit the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendants admit the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendants admit the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendants admit the allegations in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations in paragraph 24 of Plaintiff's Complaint.

25. Defendants admit the allegations in paragraph 25 of Plaintiff's Complaint.

26. Defendants admit the allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint.

## Count II
## Indiana's Minimum Wage Statute
## Alternative Claim

28. Defendants incorporate paragraphs 1 through 27 by reference herein.

29. Defendants admit the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendants admit the allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

## Count III
## Wage Claims Statute
## I.C. §22-2-9 *et seq.*

33. Defendants incorporate paragraphs 1 through 32 by reference herein.

34. Defendants admit that SteerPoint was an employer under the Indiana Wage Claims Statute.

35. Defendants admit the allegations in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendants assert that the allegations in paragraph 38 of Plaintiff's Complaint are vague and/or ambiguous with respect to the phrase "earned . . . on a pro rata basis, and, therefore, Defendants deny the allegations.

39. Defendants assert that the allegations in paragraph 39 of Plaintiff's Complaint are vague and/or ambiguous with respect to the phrase "earned . . . on a pro rata basis, and, therefore, Defendants deny the allegations.

40. Defendants deny the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 43 of Plaintiff's Complaint.

## SEPARATE DEFENSES OF DEFENDANTS

### First Separate Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Separate Defense

Plaintiff's claims are barred by his own inequitable conduct and for breaches of employment positions or practices of Defendant.

### Third Separate Defense

Plaintiff was, at all times, an employee at will and did not have an employment contract.

### Fourth Separate Defense

Plaintiff's damages, if any, were caused or exacerbated by his own conduct.

**Fifth Separate Defense**

As discovery in this matter has not yet commenced, the Defendants reserve the right to supplement these defenses as additional defenses may become known throughout the course of discovery.

WHEREFORE, Defendants SteerPoint Marketing, LLC and John Slimak, by counsel, respectfully request that this Court deny Plaintiff's requests for relief, find that Plaintiff's Complaint lacks in merit and for all other appropriate relief.

Respectfully Submitted,

COX, SARGEANT & BURNS, P.C.

DATED:   June 26, 2018          /s/ *S. Andrew Burns*
S. Andrew Burns, #18552-49

8440 Woodfield Crossing Blvd., Suite 170
Indianapolis, IN 46240
(317) 469-4120
FAX: (317) 469-4795
Email: aburns@coxsargelaw.com

Attorney for Defendants SteerPoint Marketing, LLC
and John Slimak

39902

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 26, 2018, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Ronald E. Weldy
WELDY LAW
198 South Ninth Street
Noblesville, IN  46060
rweldy@weldylegal.com

                                                    */s/ S. Andrew Burns*
                                                      S. Andrew Burns

39902