UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH D. FLOWERS, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01618-DLP-SEB |
| | ) |
| STEERPOINT MARKETING, LLC, | ) |
| JOHN SLIMAK, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Plaintiff's Motion Directing Clerk's Office to Enter Judgment (Dkt. 55), in which Plaintiff, Joseph Flowers, II ("Mr. Flowers") seeks an order directing the Clerk of the Court to enter Judgment in this case pursuant to Federal Rule of Civil Procedure 68.

### I. Background

Mr. Flowers's Complaint alleges that Defendants, SteerPoint Marketing, LLC and John Slimak ("SteerPoint") failed to pay him overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), Indiana's Minimum Wage Statute, and Indiana's Wage Claims Statute. [Dkt. 1.] The parties participated in a settlement conference in December 2018, which was unsuccessful. [Dkt. 44.] After the settlement conference, the parties conducted further discovery and continued to discuss settlement options. [Dkt. 57 ¶¶ 2–4.] On April 1, 2019, SteerPoint submitted a written settlement offer to Mr. Flowers, via email, of $25,000. [Dkt. 57 ¶ 4.] The

1

written offer captioned "Defendants' Offer of Judgment" and signed by defense counsel, states in full:

> Pursuant to Federal Rule of Civil Procedure 68, Defendants SteerPoint Marketing, LLC and John Slimak, by counsel, hereby offer to allow the Plaintiff to take a judgment against them in the amount of Twenty-five Thousand Dollars ($25,000.00).

("April 1 Offer") [Dkt. 57-2.]

After receiving SteerPoint's offer, Mr. Flowers's counsel emailed SteerPoint's counsel to discuss the April 1 Offer. The parties' respective counsel had a telephonic conversation on April 3, 2019, wherein defense counsel indicated that the April 1 Offer was intended to include all costs, expenses, and attorney fees. Mr. Flowers's counsel responded that he believed Rule 68 allowed Mr. Flowers to recover attorney fees in addition to the $25,000 Offer of Judgment. [*See* Dkt. 57-3.]

After this phone conversation, defense counsel emailed Mr. Flowers's counsel to confirm their position that the April 1 Offer was intended to be inclusive of all costs, expenses, and attorney fees. [Dkt. 57-3.] Five minutes later, defense counsel submitted "Defendants' Amended Offer of Judgment" that offered Mr. Flowers $25,000 and expressly stated the offer included attorney fees, costs and all expenses ("April 3 Offer"). [Dkt. 57 at ¶ 6.] Fourteen minutes later, Mr. Flowers filed his "Notice of Acceptance of Offer of Judgment" with this Court, which purported to accept the April 1 Offer. [Dkt. 51.]

Mr. Flowers now seeks an order directing the Clerk of the Court to enter a judgment in his favor pursuant to Federal Rule of Civil Procedure 68 due to his

2

acceptance of the April 1 Offer. SteerPoint opposes the entry of judgment, arguing that the terms of any offer by the Defendants, including the April 1 Offer, were meant to be inclusive of all costs and fees and that because no offer of judgment was filed with the Court, any acceptance is in turn invalid.

## II. Legal Standard

Federal Rule of Civil Procedure 68 states:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). Once an offer of judgment has been accepted and filed, "the court has no discretion to alter or modify the parties' agreement," *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 691 (7th Cir. 2013) (citing *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998), and "judgment must be entered." *Webb*, 147 F.3d at 621. "Rule 68 offers may not be revoked during the 14-day period established by the Rule," *Sanchez*, 709 F.3d at 692, and once the offer has been accepted it cannot be rescinded. *Webb*, 147 F.3d at 621. Acceptance is effective when the plaintiff serves a written notice of acceptance on the defendant. Fed. R. Civ. P. 68(a).

## III. Discussion

Mr. Flowers asserts that a valid offer of judgment was made on April 1 pursuant to Rule 68, that the offer could not be revoked for 14 days, and that upon

3

filing his Notice of Acceptance the Court is required to enter judgment on his behalf. In response, SteerPoint argues that the April 1 Offer was meant to be inclusive of costs, expenses, and attorney fees and the April 3 Offer "merely" clarified the terms of the April 1 offer prior to the Plaintiff's potential acceptance.

Under traditional contract principles, if an offeror seeks to change the terms of its original offer, then the changes operate as a revocation of the original offer. 1 Corbin on Contracts § 2.19 (2018). A revocation terminates the power of the offeree to accept an offer. Restatement 2nd of Contracts, § 36 (2nd 1981). Generally, courts use traditional contract principles to interpret offers of judgment, *Webb*, 147 F.3d at 620, but traditional contract defenses such as revocation and rescission are not applicable to Rule 68 offers of judgment. *Id.* at 620–21; *Sanchez*, 709 F.3d at 692.

Most courts do not look to extrinsic evidence or recognize "clarifications" of Rule 68 offers. *See Allen v. City of Grovetown*, 681 Fed. Appx. 841, 845 (11th Cir. 2017) ("Defense counsel's clarification by email does not change the analysis."); *McGraw-Hill Glob. Educ., LLC v. Jones*, 714 Fed. Appx. 500, 503 (6th Cir. 2017) ("A party holding an offer of judgment may not seek clarification or counteroffer, only accept or refuse."); *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002) ("Rule 68 allows a defendant to make a firm, non-negotiable offer of judgment. Unlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse"). *But see Radecki v. Amoco Oil Co.*, 858 F.2d 397 (8th Cir. 1988) (permits extrinsic evidence to clarify a Rule 68 offer).

4

This Circuit has indicated that district courts should not look to extrinsic evidence to clarify offers of judgment and instead should resolve any ambiguities against the drafter. *See Sanchez*, 709 F.3d at 692 ("we have been reluctant to allow defendants to challenge the meaning of an offer of judgment, either before or after acceptance."); *Webb*, 147 F.3d at 623. Here, Defendants' April 3 Offer includes the new terms "inclusive of all fees, costs and expenses." Defendants maintain that this "clarification" precludes the entry of judgment on the April 1 Offer. Following the holding in *Sanchez*, the Court finds that the April 3 Offer is an impermissible attempt to revoke the April 1 Offer. *See* Restatement 2nd of Contracts, § 36 (2nd 1981); 1 Corbin on Contracts § 2.19 (2018); *see also Allen*, 681 Fed. Appx. at 845; *McGraw-Hill*, 714 Fed. Appx. at 503; *Util. Automation 2000*, 298 F.3d at 1240.

As Rule 68 and this Circuit make clear, a Rule 68 offer cannot be revoked during the fourteen-day period. Fed. R. Civ. P. 68(a); *Sanchez*, 709 F.3d at 692. After judgment has been entered, the proper avenue for challenging an offer of judgment is through a Rule 60 motion. *Webb*, 147 F.3d at 621–22. Following the entry of judgment, if the offer of judgment is silent as to costs and fees, the Plaintiff may petition the Court for an award of an additional amount to cover them, provided that attorney fees were permitted by the underlying statute giving rise to the claim. *See Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 3016 (1985).

## IV. Conclusion

Rule 68 Offers of Judgment may not be revoked. The Plaintiff's acceptance of the Defendants' April 1, 2019 Offer of Judgment was properly filed and, therefore, this Court has no discretion to alter or modify the parties' agreement. Accordingly, the Plaintiff's Motion to Enter Judgment is **GRANTED**. The Clerk is directed to enter judgment in favor of the Plaintiff and against the Defendants in the amount of $25,000.00.

So ORDERED.

Date: 05/02/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record.