UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH D FLOWERS, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-01618-DLP-SEB ) |
| STEERPOINT MARKETING, LLC, JOHN SLIMAK, | ) ) ) |
| Defendants. | ) ) |

## **O**RDER

This matter comes before the Court on the Defendants' Verified Motion for Relief from Judgment (Dkt. 69). The Plaintiff filed a response on June 3, 2019. The Motion was referred to the Undersigned for ruling and, for the reasons set forth below, is hereby **DENIED**.

### I. Background

Mr. Flowers's Complaint alleges that Defendants, SteerPoint Marketing, LLC and John Slimak ("SteerPoint") failed to pay him overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), Indiana's Minimum Wage Statute, and Indiana's Wage Claims Statute. [Dkt. 1.] The parties participated in a settlement conference on December 28, 2018, which was unsuccessful. [Dkt. 44.] After the settlement conference, the parties conducted further discovery and continued to discuss settlement options. [Dkt. 57 ¶¶ 2–4.] On April 1, 2019, SteerPoint submitted a written settlement offer to Mr. Flowers, via email, of $25,000. [Dkt. 57 ¶ 4.] The

1

written offer captioned "Defendants' Offer of Judgment" and signed by defense counsel, states in full:

> Pursuant to Federal Rule of Civil Procedure 68, Defendants SteerPoint Marketing, LLC and John Slimak, by counsel, hereby offer to allow the Plaintiff to take a judgment against them in the amount of Twenty-five Thousand Dollars ($25,000.00).

("April 1 Offer") [Dkt. 57-2.]

After receiving the April 1 offer, Mr. Flowers's counsel emailed SteerPoint's counsel to discuss the terms. The parties' respective counsel had a telephonic conversation on April 3, 2019, wherein SteerPoint's counsel indicated that the April 1 Offer was intended to include all costs, expenses, and attorney fees. Mr. Flowers's counsel responded that he believed Rule 68 allowed Mr. Flowers to recover attorney fees in addition to the $25,000 Offer of Judgment. [*See* Dkt. 57-3.]

Immediately after the April 3, 2019 phone conversation at 3:52 p.m., SteerPoint's counsel emailed Mr. Flowers's counsel to confirm their position that the April 1 Offer was intended to be inclusive of all costs, expenses, and attorney fees. [Dkt. 57-3.] Five minutes later at 3:57 p.m., SteerPoint's counsel emailed to Mr. Flowers's counsel "Defendants' Amended Offer of Judgment" that offered Mr. Flowers $25,000 and expressly stated the offer included attorney fees, costs and all expenses ("April 3 Offer"). [Dkt. 57 at ¶ 6.] Fourteen minutes later at 4:11 p.m., Mr. Flowers filed his "Notice of Acceptance of Offer of Judgment" with this Court, which purported to accept the April 1 Offer. [Dkt. 51.]

2

On May 2, 2019, the Court determined that Federal Rule of Civil Procedure 68 did not allow alterations, modifications, or clarifications to offers of judgment and that it did not have the discretion to alter or modify the parties' agreement. [Dkt. 61 at 5-6.] Accordingly, the Court entered judgment in favor of Mr. Flowers in the amount of $25,000. [Dkt. 61 at 6.] SteerPoint now seeks relief from that judgment pursuant to Rule 60. (Dkt. 69). The parties presented oral argument before the Undersigned on August 2, 2019.

## II. Discussion

### a. Offer of Judgment

Federal Rule of Civil Procedure 68 permits a defending party to "serve on an opposing party an offer to allow judgment on specified terms." Fed. R. Civ. P. 68(a). The offer does not need to be filed with the court at the time of service. *See Id.* The offeree then has 14 days to accept or reject the offer. *Id.* If the offeree accepts the offer by written notice, "either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." *Id.* If the offeree rejects the offer of judgment and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made. *Id.*

The purpose of Rule 68 is to encourage settlements and it favors neither plaintiffs nor defendants. *Marek v. Chesny*, 473 U.S. 1, 5–6, 10 (1985). But, Rule 68 offers of judgment carry serious legal consequences for those who reject them. *See Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998); *Nordby v. Anchor Hocking*

3

*Packaging Co.*, 199 F.3d 390, 392 (7th Cir. 1999); *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013).

Because of these consequences, Rule 68 has spawned a body of case law which guides the Court's analysis. In *Marek v. Chesny*, the Supreme Court considered the requirements of a valid Rule 68 offer. *Marek*, 473 U.S. at 5. In addressing this issue, the Supreme Court held:

> [i]f an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, *the court will be obliged by the terms of the Rule to include in its judgment an additional amount* which in its discretion, . . . it determines to be sufficient to cover the costs.

*Id.* at 6 (emphasis added). The Supreme Court then went on to address whether the term "costs" in Rule 68 included attorney fees. *Id.* at 7. It concluded that "absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, . . . such fees are to be included as costs for the purposes of Rule 68." *Id.* at 9.

A little over a decade after the *Marek* decision, the Seventh Circuit decided *Webb v. James*, which addressed a situation similar to the one before this Court. In *Webb*, the defendants served a Rule 68 offer on the plaintiff that read: "[t]he Defendants . . . hereby make an offer of judgment in the above-captioned matter in the amount of Fifty Thousand Dollars ($50,000.00) pursuant to Federal Rule of Civil Procedure 68." *Webb*, 147 F.3d at 619. The plaintiff accepted the offer of judgment by filing a notice of acceptance with the district court. Thereafter, defense counsel

4

contacted plaintiff's counsel "to clarify that the offer was all-inclusive, and that defendants had no intention of paying any additional sums for attorney's fees." The attorneys brought their disagreement to the district court, which, "[a]fter hearing argument, . . . entered judgment and allowed plaintiff to submit a fee application." The defendants then moved to vacate the judgment and rescind the Rule 68 offer of judgment.

The Seventh Circuit, after examining Rule 68 and the relevant case law, held that Rule 68 offers may not be revoked prior to acceptance or rescinded after acceptance. *Webb*, 147 F.3d at 621. The Court reached this conclusion, in part because it determined that revocation and rescission would undermine the purpose of Rule 68, but, more importantly, because of the automatic nature of Rule 68. In pertinent part, the Court stated:

> Rule 68 operates automatically, requiring that the clerk "shall enter judgment" upon the filing of an offer, notice of acceptance and proof of service. This language removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer. *See* [*Mallory v. Eyrich*, 922 F.2d 1273, 12799 (6th Cir. 1991)]. Because of this mandatory directive, the district court has no discretion to alter or modify the parties' agreement. "Entry of a Rule 68 judgment is ministerial rather than discretionary." *Id.* Thus, there is no opportunity for a district court to even consider allowing rescission of the Rule 68 "contract." Once the acceptance has been properly filed, judgment must be entered.

*Webb*, 147 F.3d at 621. After addressing the availability of a Rule 60 challenge to the judgment, the *Webb* court noted that the Supreme Court was clear in *Marek*: Rule 68 offers must include costs, and if the offer is silent to costs, the trial court

5

may award an additional amount to cover them. *Id.* at 622. The Seventh Circuit placed the burden of any ambiguity on the defendant and held that an offer must be clear as to whether it includes attorney's fees when the underlying statute provides fees for the prevailing party. *Id.* at 623. Otherwise, a court may award an additional amount to cover costs and fees. *Id.*

A year later, in *Nordby v. Anchor Hocking Packaging Co.*, the Seventh Circuit addressed Rule 68 again. There, the defendants made a Rule 68 offer for "judgment in the amount of $56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended complaint." *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 391 (7th Cir. 1999). The Court reaffirmed *Webb* but rejected a "magic-words" approach to the Rule. Ultimately, the Court found that the offer was not ambiguous because the term "costs" was sufficiently clear to include attorney's fees.

Then, in 2013, the Seventh Circuit addressed Rule 68 once again. In *Sanchez v. Prudential Pizza, Inc.*, the defendant made a Rule 68 offer for "'all of Plaintiff's claims for relief' but made no specific mention of costs or attorney fees." *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 690 (7th Cir. 2013). The *Sanchez* court, relying on *Webb* and *Nordby* and noting the consequences of Rule 68 offers, determined that the defendant's language was not clear, and the district court erred in finding that the offer was inclusive of attorney's fees. *Id.* at 691–94.

These cases make four things clear. First, Rule 68 offers of judgment can only be accepted or rejected; the language of an offer may not be altered. *Webb*, 147 F.3d at 620–21; *Sanchez*, 709 F.3d at 692. Second, once a Rule 68 offer is accepted, the

6

court must enter judgment on those terms. *Webb*, 147 F.3d at 621; *Sanchez*, 709 F.3d at 691. Third, Rule 68 offers must include costs; if the terms of the offer are silent as to costs, the court is obliged—by the Rule—to award an additional amount to cover costs and fees. *Marek*, 473 U.S. at 6; *Webb*, 147 F.3d at 622–23; *Sanchez*, 709 F.3d at 692–94. Fourth, because Rule 68 offers subject plaintiffs to consequences that other settlement offers do not, Rule 68 offers must be written with clarity and any offers that are ambiguous will be resolved against the offeror. *Webb*, 147 F.3d at 622–23; *Nordby*, 199 F.3d at 393; *Sanchez*, 709 F.3d at 692–94.

Here, The Defendants' April 1 Offer provided as follows:

> Pursuant to Federal Rule of Civil Procedure 68, Defendants SteerPoint Marketing, LLC and John Slimak, by counsel, hereby offer to allow the Plaintiff to take a judgment against them in the amount of Twenty-five Thousand Dollars ($25,000.00).

[Dkt. 57-2.] This April 1 Offer is silent as to attorney's fees and costs. Although the parties acknowledge that their settlement negotiations up through April 1, 2019 had included global offers and demands, this Rule 68 offer lacks clarity as to whether the offer includes attorney's fees and costs. This Circuit does not require "magic words" to be included in the Rule 68 offer, but even without that requirement the April 1 Offer is insufficient to demonstrate an intent to include attorney's fees or costs. Under the case law of this Circuit, because the April 1 Offer is silent to fees and costs, the April 1 Offer's ambiguity is resolved against the offeror. Accordingly, the Defendants' April 1, 2019 Rule 68 Offer of Judgment is not inclusive of costs and attorney's fees and the Court must either award an additional

7

amount to cover those costs and fees or relieve the Defendants from the Judgment under Federal Rule of Civil Procedure 60.

### b. *Rule 60 Relief*

"[T]he proper procedural device for relief from a Rule 68 judgment is the same as for any other judgment: Rule 60." *Webb*, 147 F.3d at 622. Pursuant to Rule 60, "the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

Defendants argue that both Rule 60(b)(1) and 60(b)(6) apply to this scenario. Relief under Rule 60(b)(6) "is available only when sections (b)(1) through (b)(5) do not apply." *Webb*, 147 F.3d at 622 (citing *Brandon v. Chicago Bd. of Educ.,* 143 F.3d 293, 295 (7th Cir. 1998). Because Defendants argue and the Court agrees that section (b)(1) applies to this scenario, section (b)(6) relief is not available to Defendants. Thus, Defendants must demonstrate that the Rule 68 Judgment in this case is the result of mistake, inadvertence, surprise, or excusable neglect. *See Webb*, 147 F.3d at 622.

In their briefing, the Defendants appear to argue that it was a mistake for the Court to direct the entry of judgment in the amount of $25,000, exclusive of costs. [Dkt. 69 at 4–5.] Defendants, however, do not provide any authority or argument identifying how the Court erred when it entered judgment. Furthermore, as discussed in the previous section, the Court was required to direct the clerk to

8

enter judgment. Fed. R. Civ. P. 68(a); *Webb*, 147 F.3d at 621; *Sanchez*, 709 F.3d at 691.

Defendants also argue that, "[a]t worst, the omission of the scant words that were added in the April 3 Offer (to specify that which all counsel already understood) is excusable neglect on the part of undersigned counsel . . . ." [Dkt. 69 at 5.] As an initial matter, the case law of this Circuit makes clear that the terms "inclusive of all fees, costs and expenses" in a Rule 68 offer of judgment are not "scant words," but are required to prevent prolonged litigation such as this. *Webb*, 147 F.3d at 622 ("Rule 68 offers must include costs. If the offer is silent as to costs, the court may award an additional amount to cover them."); *Sanchez*, 709 F.3d at 694 ("If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs.") (quoting *Marek*, 473 U.S. at 6).

Nevertheless, the Defendants have argued that they should be relieved from judgment due to excusable neglect. For Rule 60 purposes, the Court must determine if the omission of these necessary words can be considered the result of excusable neglect. The Supreme Court has defined excusable neglect broadly, including acts attributable to negligence, carelessness, and mistake. "[A]t bottom, [Rule 60 relief is] an equitable [determination], taking account of all relevant circumstances

9

surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394–95 (1993). The Seventh Circuit has held that trial judges are given the discretion to make this determination, and their discretion "must be exercised after careful consideration of 'all relevant circumstances surrounding the omission' in [the] particular case." *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 363 (7th Cir. 1997).

Based on precedent from the Supreme Court and the Seventh Circuit, the Undersigned must consider "all relevant circumstances surrounding" the Defendants' failure to include language regarding costs and fees in his April 1 Offer to determine whether that omission constitutes excusable neglect. In particular, the Court takes special notice of the parties' settlement negotiations and conversations before the April 1 Offer. Additionally, the Court considers the parties' further argument that was presented to the Undersigned on August 2, 2019.

At oral argument, Defendants' counsel offered the Court a simple answer for how his April 1 Offer came to be silent as to costs and fees: "I made a mistake." Defendants' counsel argued that Plaintiff and his counsel would be receiving an unjust enrichment, something to which they were not entitled, and that it would not be equitable or in the interest of justice to permit the Court's judgment to stand. In closing, he requested that the Court allow him to correct his mistake through Rule 60 because the context of the parties' negotiations and conversations supported his contention that he had been careless.

Plaintiff's counsel does not dispute that the parties had engaged in settlement negotiations that only contemplated global settlement offers and demands, but he does argue, however, that he never heard Defendants' counsel say that his client would never offer any more than $25,000 total, inclusive of costs, fees, and expenses. Moreover, Plaintiff's counsel argued that Rule 68 is complicated, a veritable weapon in the Federal Rules, and that he and his client should not be penalized for Defendants' counsel's failure to learn Rule 68's requirements. Furthermore, Plaintiff's counsel expressed to the Court that he did not want his client to file a lawsuit against him, ostensibly for the judgment being overturned, after he had advised his client to take the April 1 Offer.

The parties exhaustively briefed and argued the circumstances surrounding the April 1 Offer and April 3 Offer. Of special note, the Court considers that the parties had engaged in several back and forth settlement negotiations that included global offers and demands that were inclusive of all fees and costs. After Defendants' counsel had submitted the April 1 Offer, counsel for Plaintiff and Defendants discussed the offer, wherein it was reiterated that the April 1 Offer was intended to be inclusive of all fees and costs. Within a five minute period on April 3, 2019, Defendants' counsel sent an email to Plaintiff's counsel confirming that the April 1 Offer was intended to be inclusive of all fees and costs and a second email containing an updated Rule 68 Offer of Judgment that included the necessary language regarding fees and costs. It was only after this succession of phone

conversations and emails that Plaintiff's counsel filed his Notice of Acceptance of the April 1 Offer.

This Court has previously addressed the issue of whether a Rule 68 judgment can be set aside under Rule 60. In *Aynes v. Space Guard Prods., Inc.*, after the Defendant had filed a Motion for Summary Judgment and before the Plaintiff's deadline to respond, the Defendant made a Rule 68 Offer of Judgment that was silent as to costs and fees. 201 F.R.D. 445 (S.D. Ind. 2001). The Defendant requested that the Court set aside the judgment pursuant to Rule 60, but failed to identify a specific portion of Rule 60 under which it requested relief. The Court evaluated the situation under the excusable neglect standard and, using the sound discretion accorded to the district court, determined:

> [W]e do not believe that the neglect here is excusable. Any effort to research Rule 68 would have alerted an attentive lawyer to the possibility of attorney's fees being included under the rule, and in fact a host of examples demonstrating how to draft a Rule 68 offer in order to avoid the present confusion was also readily available. Further, the language of Rule 68 itself provides that costs are to be included. Finally, to set aside the judgment and allow the litigation to continue would most certainly undermine the purpose of the Rule, "[t]he purpose of [which] is to encourage settlement and avoid protracted litigation." Therefore, we deny Defendant's alternative request to set aside the judgment.

*Aynes*, 201 F.R.D. at 449 (internal citations omitted).

The Undersigned finds no reason to stray from the Court's previous analysis. Defendants' counsel had a duty to research and should have researched Rule 68 offers of judgment; if he had, he would have been alerted to the specific requirements that the Seventh Circuit put in place for a satisfactory Rule 68 offer of

12

judgment. Defendants' counsel was undoubtedly negligent – the parties do not dispute this point – but, the Court must determine whether that negligence was excusable.

Once Defendants' counsel chose to respond to the Plaintiff's settlement demand with a Rule 68 offer, the rules of the game changed. Where the Court's analysis once would have been guided by general contract principles of offer and acceptance, the Court must instead consider Defendants' counsel's actions under the Rule 68 framework. The case law could not be clearer, and Defendants' counsel had a duty to make himself aware of the relevant standards by which a Rule 68 Offer of Judgment would be evaluated. This Circuit has repeatedly provided litigants with the necessary information to create a proper Rule 68 offer, and Defendants' counsel should have availed himself of that information prior to issuing the April 1 Offer. Counsel acknowledged that his omission was a mistake, but it was a unilateral mistake and the result of counsel's failure to investigate properly the parameters and requirements for the Rule of which he sought to take advantage. This conduct is not excusable.

Moreover, it would not be equitable to the Plaintiff if this Court were to set aside the judgment; he duly accepted the Defendants' offer on the advice of counsel and would be unduly prejudiced by the granting of Defendants' request for relief.

Accordingly, relief from the judgment is not warranted under Rule 60(b)(1) and Defendants' motion (Dkt. 69) is **DENIED**.

So ORDERED.

Date: 9/3/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

S. Andrew Burns
COX SARGEANT & BURNS PC
aburns@coxsargelaw.com

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com