UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH D FLOWERS, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01618-DLP-SEB |
| | ) |
| STEERPOINT MARKETING, LLC, | ) |
| JOHN SLIMAK, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Plaintiff's Verified Motion to Reconsider in Part the Award of Statutory Attorney Fees, Dkt. [76]. The Defendants did not file a response and the deadline for doing so has now passed. For the reasons set forth below, the Motion is hereby **DENIED**.

### I.   Background

Mr. Flowers's Complaint alleges that Defendants, SteerPoint Marketing, LLC and John Slimak ("SteerPoint" or "Defendants") failed to pay him overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), Indiana's Minimum Wage Statute, and Indiana's Wage Claims Statute. (Dkt. 1.) On April 1, 2019, SteerPoint submitted a Rule 68 Offer of Judgment to Mr. Flowers, via email, of $25,000. (Dkt. 57 ¶ 4.) Plaintiff purported to accept this offer. On May 2, 2019, the Court determined that this offer of judgment was enforceable and the Court entered judgment in favor of Mr. Flowers in the amount of $25,000. (Dkt. 61 at 6.) On June 19, 2019, the

Defendants moved the Court to set aside the judgment, which did not include attorney's fees and costs, in the interest of fairness and equity. (Dkt. 69.)

On September 3, 2019, the Court determined that the Defendants had not demonstrated any excusable neglect that would support setting aside the judgment. Additionally, the Court held that setting aside the judgment would be inequitable to the Plaintiff himself, because he had duly accepted the Defendants' Rule 68 offer on the advice of counsel. (Dkt. 74.) On November 20, 2019, this Court granted in part Plaintiff's Motion for an Award of Attorney's Fees, Costs, and Post-Judgment Interest, awarding a total of $21,488.53 in fees and costs and an award of post-judgment interest on $9,000 of the judgment from May 2, 2019 to the date the damages award is paid. (Dkt. 75). The Court discounted a portion of the requested fee award because Plaintiff's counsel's billing statements did not contain adequate detail, did not attach billing statements for several claimed hours of work, and because of Plaintiff's limited success on his claims. (Id). Now, Plaintiff's counsel, Mr. Ronald Weldy, requests that this Court reconsider in part the November 20, 2019 opinion.

## II.    Legal Standard

In order to prevail on his motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff must "clearly establish": (1) that there has been a manifest error in law or fact or (2) that newly discovered evidence precludes entry of judgment. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001) (abrogated on other grounds)). Motions for reconsideration do not give a party the opportunity to

rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996). Instead, a motion for reconsideration is "valuable" when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

### III. Discussion

Mr. Weldy requests that this Court award him an additional $7,496.20 in attorney fees in this matter. (Dkt. 76). First, Mr. Weldy argues that he unintentionally neglected to attach a billing statement for 4.2 hours expended from June 5, 2019 through August 8, 2019 to his Motion for Attorney Fees, which would result in an additional $1,680.00 in attorney fees. (Id. at 1-2). Secondly, Mr. Weldy contests this Court's reduction of the attorney fee lodestar by 19% for the limited success of Plaintiff's claims. (Id. at 2-3). Finally, Mr. Weldy asserts that he spent an additional 2.2 hours reviewing the Court's Order on the Plaintiff Motion for Attorney Fees and in drafting the present Motion for Reconsideration in Part, for which work he claims he is entitled to an additional $880.00 in attorney fees. The Court will address each matter in turn.

### a. Billing Statement

As stated previously, motions for reconsideration are not an opportunity to rehash old arguments or present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Luedike v. Sprint Nextel Corp.*, No. 1:07-cv-1082-LJM-DML, 2011 WL 1671333 (S.D. Ind. May 3, 2011). Here, Mr. Weldy attempts to introduce evidence that was readily available at the time the Court was considering his Motion for Attorney Fees. He provides no explanation for why the billing statement was not included with his Motion for Attorney Fees, beyond that he "mistakenly filed a Notice." This information could and should have been included with the Motion for Attorney Fees; it is not appropriate for the Court to review this information on a motion for reconsideration. Thus, Mr. Weldy has not presented any new evidence or arguments to the Court related to the billing statement for 4.2 hours and the request for an additional $1,680.00 in attorney fees is denied.

### b. Modification of Lodestar

Secondly, Mr. Weldy argues that the Court erred by reducing the attorney fee lodestar by 19% for the "alleged limited success" on the Plaintiff's FLSA claims. (Dkt. 76 at 2). He argues that the reduction was not justified because the Plaintiff's "off-the-clock work at home is the most difficult type of hours worked to estimate and prove in a wage and hour case" and that if the "Defendant had complied with the law and had Plaintiff record all of his time worked at the office and at home, then the demand of Plaintiff would have been much more exact." (Id). Finally, Mr. Weldy notes

that "reducing the lodestar amount by 19% for an alleged lack of success appears to reward Defendant" for violating the law. (Dkt. 76 at 3). Mr. Weldy has requested that the Court vacate the 19% reduction in statutory attorney fees and award the $4,936.20 previously reduced. (Dkt. 76 at 3).

Contrary to Mr. Weldy's assertion, this Court did look at all facts of this case in context when considering whether to modify the lodestar calculation. The Undersigned evaluated the lodestar in connection with all twelve (12) factors as outlined in *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), 103 S.Ct. 1933, and chose to highlight a few of those factors in the opinion, including the degree of success obtained. The Court did not quote Mr. Weldy's listed ranges for the Plaintiff's lost overtime wages and liquidated damages because it was concerned by the lack of specificity – rather, as stated at the time, the Court was merely demonstrating that regardless of whether the original demand or the total claimed damages figure was used for calculation, the Plaintiff did not obtain complete success. It must be further noted that the Court gave Mr. Weldy and his client the benefit of the doubt and determined that they were 81% successful, when the evidence just as easily could have supported the conclusion that they were only 24% successful. Nevertheless, Mr. Weldy has not presented any newly discovered evidence or any evidence that demonstrates that this Court made a manifest error in law or fact. It appears instead that, through this motion for reconsideration, Mr. Weldy seeks a second opportunity to bolster his arguments in the Motion for Attorney Fees, an undertaking which is not permitted in this Circuit. Accordingly, Mr. Weldy's request for the Court to vacate the

5

19% reduction in the attorney fee lodestar calculation and reinstate $4,936.20 in attorney fees is denied.

### c. *Additional Fees Incurred*

Finally, Mr. Weldy argues that he is entitled to an additional $880.00 in attorney fees for the time spent reviewing this Court's Order on the Motion for Attorney Fees and for drafting the present Motion to Reconsider in Part. (Dkt. 76 at 3). Mr. Weldy's arguments in this Motion to Reconsider have been an attempt at rehashing the arguments made in the Motion for Attorney Fees or to present evidence that should have been submitted to the Court at an earlier date. Accordingly, Mr. Weldy's request for an additional $880.00 in attorney fees is denied.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's Verified Motion to Reconsider in Part the Award of Statutory Attorney Fees, Dkt. [76], is **DENIED**.

So ORDERED.

Date: 2/10/2020

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record.