UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH D FLOWERS, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-01618-DLP-SEB ) |
| STEERPOINT MARKETING, LLC, JOHN SLIMAK, | ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Defendants' Verified Motion to Confirm Satisfaction of Judgment, Dkt. [83]. The Plaintiff did not file a response and the deadline for doing so has now passed. For the reasons set forth below, the Motion is hereby **GRANTED**.

### I. Background

Mr. Flowers's Complaint alleges that Defendants, SteerPoint Marketing, LLC and John Slimak ("SteerPoint" or "Defendants") failed to pay him overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), Indiana's Minimum Wage Statute, and Indiana's Wage Claims Statute. (Dkt. 1). On April 1, 2019, SteerPoint submitted a Rule 68 Offer of Judgment to Mr. Flowers, via email, of $25,000. (Dkt. 57 ¶ 4). Plaintiff purported to accept this offer. On May 2, 2019, the Court determined that this offer of judgment was enforceable and the Court entered judgment in favor of Mr. Flowers in the amount of $25,000. (Dkt. 61 at 6). On June 19, 2019, the

1

Defendants moved the Court to set aside the judgment, which did not include attorney's fees and costs, in the interest of fairness and equity. (Dkt. 69).

On September 3, 2019, the Court determined that the Defendants had not demonstrated any excusable neglect that would support setting aside the judgment. Additionally, the Court held that setting aside the judgment would be inequitable to the Plaintiff himself, because he had duly accepted the Defendants' Rule 68 offer on the advice of counsel. (Dkt. 74). On November 20, 2019, this Court granted in part Plaintiff's Motion for an Award of Attorney's Fees, Costs, and Post-Judgment Interest, awarding a total of $21,488.53 in fees and costs and an award of post-judgment interest on $9,000.00 of the judgment from May 2, 2019 to the date the damages award is paid. (Dkt. 75). On March 19, 2020, the Defendants filed the present Motion to Confirm Satisfaction of Judgment, wherein they represent to the Court that both the $25,000.00 judgment for damages and $21,488.53 judgment for attorney's fees have been paid in full. (Dkt. 83). The parties disagree as to how much post-judgment interest remains to be paid on both judgments and seek the Court's assistance in determining that figure.[1]

## II. Legal Standard

Regardless of whether there is any reference to post-judgment interest in the pleadings, a court's order, or the entry of a money judgment, a prevailing plaintiff in federal court is entitled to post-judgment interest. *See* 28 U.S.C. § 1961(a); *Miller v.*

---

[1] Although the Plaintiff did not file a formal response to the present motion, the Plaintiff did file a Motion to Calculate Post-Judgment Interest on Judgments on February 9, 2020. (Dkt. 79). That motion is still pending and outlines the amount of post-judgment interest the Plaintiff believes he is entitled to receive, an outline which is directly relevant to the present discussion and will be referenced herein.

2

*Artistic Cleaners*, 153 F.3d 781, 785 (7th Cir. 1998). An award of attorney's fees is subject to post-judgment interest. *See* 28 U.S.C. § 1961(a); *see also Dalton v Jones, Bird & Howell*, 993 F.2d 1549 (Table) (7th Cir. 1993). A plaintiff may collect interest on attorney's fees or costs from the date that the award was entered to the date the award was paid. *Fleming v. County of Kane, State of Ill.*, 898 F.2d 553, 565 (7th Cir. 1990) (interest on attorney's fees available only from the date the district court entered an award setting the precise amount of fees).

### III. Discussion

On May 2, 2019, the Court entered a money judgment against the Defendants for $25,000.00 (Dkt. 62), and on November 20, 2019, the Court entered a judgment against the Defendants for attorney's fees and costs in the amount of $21,488.53. (Dkt. 75). Based on the verified representations by the Defendants, the $25,000.00 judgment was paid in installments and fully satisfied as of December 31, 2019, and the $21,488.53 judgment was paid in one installment and fully satisfied as of February 19, 2020. Thus, the Defendants have completed their obligations and satisfied both judgments and the only remaining issue is the calculation of post-judgment interest. The Defendants maintain that they only owe 8% interest on $9,000.00 of the $25,000.00 principal judgment, while the Plaintiff contends that the Defendants also owe post-judgment interest on the $16,000.00 remainder of the principal judgment and on the $21,488.53 judgment for attorney's fees and costs.

a. *$9,000.00 of Principal Judgment*

Pursuant to the Court's May 2, 2019 and November 20, 2019 judgments, the Plaintiff, as a prevailing party, is entitled to 8% per year post-judgment interest on $9,000.00 of the $25,000.00 principal judgment, to be calculated from May 2, 2019 to the date the award was paid, December 31, 2019. The Plaintiff attached a spreadsheet showing the daily interest accumulated from May 2, 2019 through December 31, 2019. (Dkt. 79-1). Based on the Court's review, this spreadsheet represents an accurate calculation of the total post-judgment interest owed on the state law claims. Accordingly, the Court adopts the Plaintiff's calculation, and the total post-judgment interest owed on the $9,000.00 of state law claims is **$403.90**.

b. *$16,000.00 Remainder of Principal Judgment*

Judgments in federal court, with few exceptions, entitle the prevailing party to post-judgment interest. *See* 28 U.S.C. § 1961(a). The remaining $16,000.00 of the $25,000.00 principal judgment in this matter is subject to post-judgment interest at the rate prescribed by statute. *Id*. Interest pursuant to § 1961(a) is calculated "at a rate equal to the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of the judgment, as published by the Board of Governors of the Federal Reserve System." The weekly average one-year constant maturity Treasury yield for the calendar week ending May 1, 2019 was 2.41%. Thus, the daily rate of post-judgment interest on $16,000.00 of the principal judgment is $1.06 ($16,000.00 x .0241/365). The Defendants took a total of 243 days to pay the

$16,000.00 remainder of the principal judgment, which results in a total post-judgment interest amount of **$257.58** (243 days x $1.06 daily interest rate).

      c. *Post-Judgment Interest on Attorney's Fees and Costs*

The Court entered a judgment on November 20, 2019 for $21,488.53 in attorney's fees and costs. That judgment is subject to post-judgment interest, from the date the Court determined the exact figure of fees and costs owed through the date of final payment, at the rate prescribed by statute. *See* 28 U.S.C. § 1961(a); *see also Fleming v. County of Kane, State of Ill.*, 898 F.2d 553, 565 (7th Cir. 1990). The weekly average one-year constant maturity Treasury yield for the calendar week ending November 19, 2019 was 1.56%. Thus, the daily rate of post-judgment interest on the $21,488.53 judgment is $0.92 ($21,488.53 x .0156/365). 92 days passed between the date the Court determined the amount of fees and costs owed, November 20, 2019, and the date of final payment, February 19, 2020, which results in a total post-judgment interest amount of **$84.64** (92 days x $0.92 daily interest rate).

**IV.    Conclusion**

For the foregoing reasons, the Defendants' Verified Motion to Confirm Satisfaction of Judgment, Dkt. [83], is **GRANTED**. The judgments entered by the Court on May 2, 2019 (Dkt. 62) and November 20, 2019 (Dkt. 75) have been satisfied in full. The Defendants owe a total of **$746.12** in post-judgment interest to the Plaintiff. Within seven (7) days of payment, the parties shall file a joint notice with the Court stating that all post-judgment interest obligations have been satisfied.

So ORDERED.

Date: 4/8/2020

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

5

Distribution:

All ECF-registered counsel of record.